■ JOWIL REALTY CORP., Respondent, v L. EDWARDS & ASSOCIATES, LTD., et al., Appellants.—Order Supreme Court, New York County, entered July 31, 1975, granting summary judgment on the first cause of action in the amount of $10,500 and on the second cause of action for specific perform-

ance of the contract for the purchase of real property, and the judgment entered thereon on August 13, 1975, in favor of plaintiff in the amount of $10,500 plus interest and costs, unanimously reversed, on the law, the judgment vacated, and plaintiff's motion for summary judgment denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal. On March 21, 1974, the parties entered into an agreement pursuant to which plaintiff agreed to sell and defendant L. Edwards & Associates, Ltd., agreed to buy certain premises for $110,000. Defendant Hans Ephraimson on the same date agreed to guarantee the performance of the provisions of said contract by L. Edwards & Associates, Ltd. The contract provided for a down payment of $11,000 on signing, of which $10,500 was paid by check, the balance being paid in cash. The down payment was to be held in escrow by the seller's attorney until the closing. The check for $10,500 was deposited in the account of plaintiff's attorney, but was returned unpaid by reason of insufficient funds. On April 23, 1974, this action was instituted by the service of a summons without complaint. Subsequently on June 4, 1974, the complaint, containing three causes of action (recovery on the dishonored check, specific performance of the contract and recovery of counsel fees) was served. On or about June 20, 1974, issue was joined. Subsequently, plaintiff's motion for summary judgment on the first cause of action (the dishonored check) was denied by Special Term with the observation that such cause cannot be decided without consideration of the merits of the claim of breach of the real estate contract. Thereafter plaintiff moved for summary judgment on all three causes of action, which motion was granted as to the first and second causes. It is noted that pursuant to the terms of the contract, the purchaser had 45 days within which to obtain a mortgage commitment for $60,000, but in no event could purchaser obtain such commitment later than May 1, 1974. At that point the seller at its option could cancel the contract or obtain such commitment within an additional three weeks. If the seller at that date (on or about May 22, 1974) could not obtain such commitment, it had the option to either cancel the contract or agree to take back a purchase-money mortgage. The record herein is for the most part barren of what transpired from the time the check was returned and action brought in April, 1974 until the scheduled closing in June, 1974. Indeed, the negotiations between the parties culminating in such alleged scheduling of a closing date are not set forth with any degree of particularity. Judged against the sparsity in the content of the moving papers, the answering affidavit raises sufficient factual issues warranting a trial. Defendants did allege attempts to obtain a mortgage, conveyance of information regarding these unsuccessful attempts to plaintiff and a response by plaintiff to the effect that this was understandable in view of the general economic condition and that plaintiff did not desire to give a purchase-money mortgage. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Nunez, JJ.